UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHELLE MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11cv1581 TCM |
| ) | |
| CAREER EDUCATION CORP. and ) | |
| SANFORD BROWN COLLEGE, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This action is before the Court[1] on the motion of Career Education Corporation and Sanford Brown College (collectively referred to as "Defendants") to compel arbitration and to dismiss, or alternatively to stay, this case, on their motion to stay discovery and other pretrial proceedings pending a ruling on the first motion, and on their motion to dismiss the case pursuant to Fed.R.Civ.P. 9(b). Each motion is opposed.

### Background

Plaintiff, Michelle Mitchell, enrolled in the Associate of Applied Science – Business Administration program of Sanford-Brown College in March 2010. (Defs. Mot. Compel Ex. A at [3], ECF No. 12-1.) Tuition and fees for the program totaled $25,673.00, which was paid for by "a combination of [Plaintiff's own funds, Federal grants, and loans . . . ." (Id.; Compl. ¶ 6, ECF No. 1-1.) When indicating how she was going to pay for the program, Plaintiff marked only the box labeled "Cash"; however, monies received from federal grants

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

(Federal Pell Grants and Federal Supplemental Education Opportunity Grants) and federal loans (Federal Subsidized Stafford Loans) were used. (Defs. Mot. Compel Ex. A. at [4]; Defs. Resp. Ex. A, ECF No. 37-2.) Once enrolled, Plaintiff attended classes at Sanford-Brown's Missouri and Illinois campuses. (Compl. ¶ 6.)

The Enrollment Agreement (the Agreement) signed by Plaintiff provided, in relevant part as follows.

> 13. **Agreement to Arbitrate:** Any disputes, claims or controversies between the parties to this Enrollment Agreement arising out of or relating to (i) this Enrollment Agreement; (ii) the Student's recruitment, enrollment, attendance, or education; (iii) financial aid or career service assistance by SBC [Sanford-Brown College]; (iv) any claim, no matter how described, pleaded or styled, relating, in any manner, to any act or omission regarding the Student's relationship with SBC, its employees, or with externship sites or their employees; or (v) any objection to arbitrability or the existence, scope, validity, construction, or enforceability of this Arbitration Agreement shall be resolved pursuant to this paragraph (the "Arbitration Agreement"). . . . This Arbitration Agreement will not apply to claims be either party against the other for relief of $5,000 or less . . . . Choice of Arbitration Provider and Arbitration Rules. Unless the parties agree an alternative, the arbitration shall be administered by the American Arbitration Association ("AAA"). The arbitration shall be before a single arbitrator. The AAA's Commercial Arbitration Rules, and applicable supplementary rules and procedures of the AAA, in effect at the time the arbitration is brought, shall be applied. . . . Choice of Law – The arbitrator shall apply federal law to the fullest extent possible, and the substantive and procedural provisions of the Federal Arbitration Act (9 U.S.C. §§ 1-16) shall govern this Arbitration Agreement and any and all issues relating to the enforcement of the Arbitration Agreement and the arbitrability of claims between the parties. Costs, fees, and expenses of arbitration – Each party shall bear the expense of its own counsel, experts, witnesses, and preparation and presentation of proofs. All fees and expenses of the arbitrator and administrative fees and expenses of the arbitration shall be paid by the parties as provided by the AAA's Commercial Arbitration Rules, including the Supplementary Procedures for Consumer-Related Disputes, to the extent applicable, unless otherwise provided by the rules of the AAA governing the proceeding, or by specific ruling by the arbitrator, or by agreement of the parties. Relief and remedies – The arbitrator shall have the authority to award monetary damages and may grant any non-monetary

> remedy or relief available by applicable law and rules of the arbitration forum governing the proceeding and within the scope of this Enrollment Agreement. The arbitrator will have no authority to award consequential damages, indirect damages, treble damages or punitive damages, or any monetary damages not measured by the prevailing party's economic damages unless such relief is expressly provided for by applicable law. The arbitrator will have no authority to award attorney's fees except as expressly provided by this Enrollment Agreement or authorized by law or the rules of the arbitration forum. . . .
> <u>Survival of provisions of this agreement</u> – This Arbitration Agreement will survive the termination of the Student's relationship with SBC.

(Defs. Mot. Compel Ex. A. at [6].) At the bottom of each page, in bold and capital letters, there is a sentence reading "**BE SURE TO READ ALL PAGES OF THIS AGREEMENT AS THEY ARE ALL PART OF YOUR CONTRACT WITH THE COLLEGE.**"

Alleging that Defendants' staff "was trained to manipulate potential students to enroll" and endeavored to sign up such students on the first in-person visit, Plaintiff filed this action. (Compl. ¶¶ 4-5.) She also alleges that Defendants made certain representations that she relied on,[2] were false, and induced her to enroll in their program and pay tuition and fees.

---

[2]These representations are:

a.  that [SBC's] programs would provide students and Plaintiff with sufficient training to enter a specific career area upon graduation.
b.  that the curriculum of courses at SBC was adequate to achieve the published and stated objectives for which they were offered.
c.  that SBC instructors were adequately experienced and qualified to teach advertised courses.
d.  that SBC campuses were equipped with adequate equipment and facilities to train the students enrolled at those campuses.
e.  that Plaintiff would earn a high salary with her training from Defendant SBC and that Defendant would likely place her in a job with this high salary.
f.  that Plaintiff would easily be able to pay off her loans.
g.  that SBC credit hours were transferrable to other colleges and universities and to other SBC campuses.

(Compl. ¶ 7.)

(Id. ¶¶ 7-11.) She seeks relief under causes of action for fraud and misrepresentation (Count I), violations of Missouri's Merchandising Practices Act (Count II), and fraud by concealment and omission (Count III). Specifically, she seeks compensatory damages, including any interest she has or will owe on the student loans, punitive damages, and "for such further relief as this Court deems just and proper." (Id. at 4, 7, 9.)

Defendants removed the case to federal court on the grounds of diversity jurisdiction, see 28 U.S.C. § 1332(a), alleging, without refutation by Plaintiff, that Plaintiff is a Missouri citizen and Defendants are citizens of Delaware and Illinois. Defendants now seek to compel arbitration as provided for in the Enrollment Agreement and required by the Federal Arbitration Act (FAA), 9 U.S.C. § 2. Plaintiff argues that the provision in the Enrollment Agreement is invalid as arbitration is prohibitively expensive and that the provision is procedurally and substantively unconscionable under Missouri law.

## Discussion

"[T]he core provision of the FAA provides that a written agreement requiring arbitration of controversies arising out of 'a contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" **Northport Health Servs. of Ark., LLC v. Rutherford**, 605 F.3d 483, 486 (8th Cir. 2010) (quoting 9 U.S.C. § 2) (second alteration in original). The Supreme Court has "interpreted the term 'involving commerce' in the FAA as the functional equivalent of the more familiar term 'affecting commerce' – words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power." **Citizens Bank v. Alafabco, Inc.**, 539 U.S. 52, 56 (2003). Thus, "it is

perfectly clear that the FAA encompasses a wider range of transactions than those actually 'in commerce' – that is, 'within the flow of interstate commerce.'" **Id.** (quoting Allied-Bruce Terminix Cos. v. Dodson , 513 U.S. 265, 273 (1995)). Transactions involving the interstate transfer of money, as in the instant case, and diverse parties, as in the instant case, have been found to involve commerce as required by the FAA. See **Barker v. Golf U.S.A.,** 154 F.3d 788, 790-91 (8th Cir. 1998). See also **Hendrik Delivery Serv., Inc. v. St. Louis Post-Dispatch LLC**, No. 4:07cv1516 JCH, 2007 WL 3071827, *3 (E.D. Mo. 2007) (finding that agreement between parties of different states involving newspaper delivered in two states and deriving revenue from non-Missouri sources was governed by FAA and not Missouri Arbitration Act); **Kagan v. Master Home Products, Ltd.**, 193 S.W.3d 401, 405 (Mo.Ct.App. 2006) (finding that agreement between Illinois corporation and Missouri resident and involving national marketing and sales affected commerce and was governed by FAA and not the Missouri Uniform Arbitration Act[3]).

Section 2 of the FAA, quoted above, reflects "both a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." **AT&T Mobility LLC v. Concepcion**, 131 S.Ct. 1740, 1745 (2011) (internal quotations omitted).

---

[3] The Missouri Uniform Arbitration Act includes a requirement that a contract with a binding arbitration provision include a statement, "in ten point capital letters," that reads "'THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES.'" Mo.Rev.Stat. § 435.460. The Enrollment Agreement does not include this statement. Because the FAA applies to the Enrollment Agreement, however, it preempts this notice requirement. See **Kagan**, 193 S.W.3d at 407; **Johnson v. Long John Silver's Rests, Inc.**, 320 F.Supp.2d 656, 659 (M.D. Tenn. 2004) (employment agreement entered into in Missouri was governed by FAA; thus, FAA preempted § 435.460's statement requirement). The Court notes that Plaintiff agrees that the FAA preempts the Missouri Uniform Arbitration Act.

"In line with these principles, courts must place arbitration agreements on an equal footing with other contracts and enforce them according to their terms." **Id.** at at1745-46 (internal quotations omitted).  "The final phrase of § 2, however, permits arbitration agreements to be declared unenforceable 'upon such grounds as exist at law or in equity for the revocation of any contract.'" **Id.** at 1746.  Thus, arbitration agreements may be invalidated "by generally applicable contract defenses such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue."  **Id.** (internal quotations omitted).  Moreover, "nothing in [§ 2's final phrase] suggest[s] an intent to preserve state-law rules that stand as an obstacle to the accomplishment of FAA's objectives."  **Id.** at 1748.  The burden of establishing these "generally applicable contract defenses" is on the party seeking to avoid arbitration.  See **Green Tree Fin. Corp.-Alabama v. Randolph**, 531 U.S. 79, 91 (2000); **Madol v. Dan Nelson Auto. Group**, 372 F.3d 997, 999 (8th Cir. 2004).

Plaintiff argues that the arbitration agreement at issue is a contract of adhesion and is invalid because it is procedurally and substantively unconscionable under Missouri law.  See **Circle v. ChaseBank USA**, 583 F.3d 549, 554 (8th Cir. 2009) (noting that under Missouri law, procedural unconscionability involves an examination of the process of the formation of the contract and substantive unconscionability involves an examination of the terms of the contract).  Specifically, Plaintiff contends that the Enrollment Agreement is a contract of adhesion and procedurally unconscionable because it was presented on a "take it or leave it" basis, there was no equal bargaining power between the parties, Defendants engaged in high pressure sales tactics, and the arbitration provision appears in fine print on

the last page.  (Pl. Mem. at 3, 6-7.)  It is substantively unconscionable because it requires Plaintiff to pay one-half of the costs, which are prohibitively expensive, and limits the relief that the arbitrator can award.  (Id. at 9-11.)  Plaintiff does not argue that the parties' dispute does not fall within the scope of the arbitration provision.

Whatever the merits may be of Plaintiff's unconscionability arguments, they are not for this Court to decide.  The arbitration provision includes an agreement that the AAA's Commercial Arbitration Rules and applicable supplementary rules and procedures are to be applied.  (See Defs. Mot. Compel Ex. A. at [6].)  "By incorporating the AAA rules, the parties agreed to allow the arbitrator to determine threshold questions of arbitrability." **Green v. SuperShuttle Int'l, Inc.**, 653 F.3d 766, 769 (8th Cir. 2011); accord **Fallo v. High-Tech Inst.**, 559 F.3d 874, 878 (8th Cir. 2009).  Thus, the issue of the provision's enforceability is for the arbitrator to decide absent this delegation itself being challenged, which, in the instant case, it is not.  **Rent-A-Center, West, Inc. v. Jackson**, 130 S.Ct. 2772, 2779 (2010); accord **Parks v. Career Educ. Corp.**, No. 4:11cv0999 CDP (E.D. Mo. Nov. 30, 2011); **Hubbard v. Career Educ. Corp.**, 4:11cv0995 CDP (E.D. Mo. Nov. 30, 2011).

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' motion to compel arbitration and to dismiss, or alternatively stay, this case [Doc. 11]is **GRANTED** insofar as the motion requests that arbitration be compelled and the action be stayed, see 9 U.S.C. § 3 (district courts "*shall* . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement" (emphasis added)), and is **DENIED** insofar as the motion requests that the case be dismissed.

**IT IS FURTHER ORDERED** that Defendants' motion to stay discovery and other pretrial proceedings pending a ruling on their motion to compel [Doc. 13] is **DENIED** as moot.  The trial setting of December 3, 2012, is vacated.

**IT IS FURTHER ORDERED** that Defendants' alternative motion to dismiss [Doc. 15] is **DENIED** without prejudice.

**IT IS FINALLY ORDERED** that  this case is STAYED pending completion of the arbitration.  On or before **May 31, 2012**, the parties are to file a joint report setting forth the status of the arbitration.

/s/Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  1st  day of December, 2011.